UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

    v.                                                           Case No. 2:08-CR-23-wks-jmc-4

Jean Verdiner

## REPORT AND RECOMMENDATION
(Docs. 164, 172)

Defendant Jean Verdiner, proceeding *pro se*, has filed two motions pursuant to 28 U.S.C. § 2255 to vacate his conviction for violating the Controlled Substances Act. Both motions claim that the government presented false evidence at trial. Because Verdiner is presently pursuing a direct appeal of his conviction with the benefit of counsel, I recommend that the Court deny his *pro se* motions as premature.

## Background

In 2009, Verdiner was convicted by a jury of one count of knowingly and intentionally distributing 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). United States District Judge William K. Sessions III subsequently sentenced him to a 72 month term of imprisonment. Verdiner, through counsel, filed a timely notice of appeal on February 13, 2009. (Doc. 130.)

On September 11, 2009, while the direct appeal was pending, Verdiner filed a *pro se* motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255. (Doc. 164.) On February 2, 2010, with the initial § 2255 petition still pending in this Court, Verdiner

filed a second *pro se* § 2255 motion, again challenging his 2009 Vermont conviction, in the United States District Court for the Eastern District of New York.  (Doc. 172.)  That second § 2255 motion was transferred to this District, and the two motions remain pending.  In both filings, Verdiner contends that the government knowingly presented false evidence at trial, and that he was therefore wrongfully convicted of the § 841(a)(1) violation.

In addition to the events described above, and with Verdiner's initial direct appeal pending, the government informed defense counsel that a trial witness, one Ronald Saldi, had been arrested for selling a quarter pound of marijuana.  The government further disclosed that it was believed that Saldi had lied to government investigators while ostensibly cooperating in the investigation which led to Verdiner's indictment.  (Doc. 172 at 27.)  Elizabeth D. Mann, Esq., Verdiner's trial counsel, sought and obtained from the Court of Appeals a remand of the direct appeal in order to file a new trial motion under Fed. R. Crim. P. 33.  (Doc. 156.)  Attorney Mann thereupon filed a Rule 33 motion in this Court, raising the question of false trial testimony as the basis for a new trial.  (Doc. 157.)  Attorney Mann was subsequently permitted to withdraw from the case, and Attorney Eric Miller was ultimately appointed to represent the defendant.

On June 20, 2011, a Report and Recommendation ("R&R") was issued which recommended that this Court deny the motion for a new trial.  (Doc. 200.)  An objection to the R&R was filed by the defendant through counsel.  On October 3, 2011, Judge Sessions adopted the R&R, and denied the new trial motion.  (Doc. 207.)  A notice of

appeal was filed on behalf of Verdiner on October 7, 2011. (Doc. 208.) Verdiner's two § 2255 motions remain pending in this Court.

## Discussion

The Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(a), authorizes a "prisoner in custody under sentence of a court" to challenge the lawfulness of that sentence. However, defendants are generally required to pursue a direct appeal before bringing a petition under § 2255. *United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011) (citing *United States v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984)). While "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal." *United States v. Prows,* 448 F.3d 1223, 1228 (10th Cir. 2006); *see also Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) ("there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances").

In fact, it has long been the policy of federal courts not to entertain § 2255 motions until after direct review is exhausted. *See, e.g.*, Advisory Committee's Note to Rule 5 of the Section 2255 Rules. Accordingly, "absent extraordinary circumstances," this Court should not consider Verdiner's *pro se* § 2255 motions until his appeal has been heard by the Second Circuit. *Id.*; *see also United States v. Dunham,* 240 F.3d 1328, 1329 (11th

3

Cir. 2001); *Nuey v. United States*, 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007); *United States v. Abney,* 2007 WL 954732, at *1 (W.D.N.Y. Mar. 27, 2007).

Verdiner has not demonstrated "extraordinary circumstances" in this case. Moreover, the result of his appeal could well make this Court's "efforts on the § 2255 motion[s] a nullity." *Outen*, 286 F.3d at 632. I therefore recommend that his dual § 2255 motions be DISMISSED without prejudice as premature. *See Abney*, 2007 WL 954732, at *1; *United States v. Grullon*, 1997 WL 739082, at *1 (S.D.N.Y. Nov. 25, 1997).

## Conclusion

Based on the foregoing, I recommend that Verdiner's two motions to vacate, set aside or correct his conviction (Docs. 164 and 172) be DENIED without prejudice as premature.

Dated at Burlington, in the District of Vermont, this 4th day of November, 2011.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).